**In the Matter of Marlon Dale RAMOS, Petitioner,**

v.

**PYRAMID TRIBAL COURT, Bureau of Indian Affairs and Marilyn Jones, Acting Captain of the BIA Jail Facility, Respondents.**

**CV–R–84–375–ECR.**

United States District Court, D. Nevada.

Oct. 30, 1985.

---

David Dean, Reno, Nev., for petitioner.

Lamond R. Mills, U.S. Atty. by Shirley Smith, Asst. U.S. Atty., Reno, Nev., for respondents.

## ORDER

EDWARD C. REED, Jr., District Judge.

The Pyramid Lake Tribal Court found Marlon Dale Ramos guilty of several violations arising from an incident on the Pyramid Lake Reservation and sentenced him to consecutive sentences totaling over two years. Ramos now petitions this Court for a writ of habeas corpus pursuant to 25 U.S.C. § 1303.

The issues raised by Ramos in support of his petition are: (1) that he has been subjected to double jeopardy because of a sentence he received in the Sparks, Nevada, Justice Court based upon the same incident; (2) that the over two year sentence he received in the Pyramid Lake Tribal Court constituted cruel and unusual pun-

ishment; (3) that the dual sentences denied him due process and equal protection, privileges and immunities of laws; and (4) that the tribal judge who imposed the sentence did not possess legal authority to do so.

FACTS

On February 10, 1984, Ramos embarked on a high speed ride which ended with his arrest. Ramos, highly intoxicated, traveled at speeds up to 95 m.p.h. while nearly running several cars off the road. Testimony indicated that it took several deputies to stop him. He was followed for some time with sirens and lights. When he was finally stopped, after running off the road, the deputies noted that his speech was slurred, he was antagonistic, and resisted his arrest. Prior to his arrest he rammed a patrol jeep and broke through a barricade.

As a result of this incident, Ramos was convicted in Sparks Justice Court and sentenced on March 26, 1984. The Pyramid Lake Tribal Court tried and sentenced Ramos on April 30, 1984. David Dean, Esq., represented Ramos in both courts and currently represents him on this habeas petition.

ANALYSIS

■ Petitioner has not presented his claims to the appellate court of the Pyramid Lake Tribal Court. This Court finds that Petitioner should exhaust his tribal remedies before presenting this Court with a habeas petition. *See O'Neal v. Cheyenne River Sioux Tribe,* 482 F.2d 1140, 1144–1145 (8th Cir.1973); *cf. National Farmers Union Insurance Companies v. Crow Tribe of Indians,* —— U.S. ——, 105 S.Ct. 2447, 2454–2456, 85 L.Ed.2d 818 (1985) (tribal court remedies must be exhausted before determination of whether the tribal court had exceeded its jurisdictional limits). However, we also find that it would be futile for him to attempt to do so. He failed to timely pay his filing fee for his appeal and, thus, there is no tribal remedy available to him at this time. We will, therefore, review the petition on its merits.

This Court notes that constitutional guarantees are not applicable to the exercise of governmental powers by an Indian tribe. The only exceptions are those guarantees made explicitly binding by the Constitution or imposed by Congress. *See Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 54, 98 S.Ct. 1670, 1674, 56 L.Ed.2d 106 (1978); *Trans-Canada Enterprises, Ltd., v. Muckleshoot Indian Tribe,* 634 F.2d 474, 476–477 (9th Cir.1980). The powers of the Pyramid Lake Tribal Court are constrained only by the provisions of the Indian Civil Rights Act (ICRA), 25 U.S.C. §§ 1301–1341 and not by the parallel provisions or additional provisions of the United States Constitution. *See Santa Clara Pueblo,* 436 U.S. at 54, 98 S.Ct. at 1674. Thus, Ramos' claims must rest upon the provisions of the ICRA. The sole remedy available to vindicate rights under ICRA is that of habeas corpus, 25 U.S.C. § 1303. *Id.* at 70, 98 S.Ct. at 1683.

DOUBLE JEOPARDY

Ramos argues that the bar of double jeopardy precluded the prosecution in the Pyramid Lake Tribal Court when he had previously been convicted in Sparks Justice Court of similar offenses arising out of the same incident. Ramos' contention is without merit.

Indian tribes, vested with sovereign powers, have "the right to prescribe laws applicable to tribe members and to enforce those laws by criminal sanctions." *United States v. Wheeler,* 435 U.S. 313, 322, 98 S.Ct. 1079, 1085, 55 L.Ed.2d 303 (1978). It is only when Congress affirmatively withdraws those powers that a tribe is divested of its sovereign rights. *Id.* at 323, 98 S.Ct. at 1086.

In *Wheeler,* the Supreme Court found that double jeopardy did not bar a trial of a Navajo Indian in federal court following his plea of guilty in the Navajo Tribal Court. The second prosecution was not barred because the tribe was a distinct sovereignty. *Id.* at 328, 98 S.Ct. at 1088.

■ The Pyramid Tribe's power to punish offenses against tribal law committed by Tribe members has never been taken away. The Pyramid Lake Tribe is a distinct sovereignty. The exercise of the

tribe's power is separate and distinct from the exercise of Sparks' power to punish offenses against state law committed within Washoe County. Thus, the prosecution and conviction of Ramos in Pyramid Lake Tribal Court did not subject Ramos to double jeopardy in violation of 25 U.S.C. § 1302(3).

## DENIAL OF DUE PROCESS

■ Ramos' next argument in support of his petition is that the dual sentence imposed amounted to a denial of due process and denial of equal protection, privileges, and immunities of law. After finding that the Pyramid Lake Tribal Court properly exercised its powers to prosecute Ramos for violating its laws, we fail to see how the mere fact of two sovereignties exercising their powers constituted a denial of any of Ramos' rights. Thus, Ramos' argument is without merit and fails to support a claim for habeas relief.

## CRUEL AND UNUSUAL PUNISHMENT

In support of his petition, Ramos argues that the over two year sentence imposed by the Pyramid Lake Tribal Court constituted cruel and unusual punishment. ICRA provides that an Indian tribe may not inflict cruel and unusual punishment and "in no event impose for conviction of *any one offense* any penalty or punishment greater than imprisonment for a term of six months or a fine of $500, or both." 25 U.S.C. § 1302(7) (emphasis added). Ramos was convicted of seven offenses. None of the imposed sentences violated the prohibition of more than six months imprisonment for any one offense. We must determine, therefore, if the mere imposition of consecutive sentences constitutes cruel and unusual punishment. We find that it does not.

■ The sole basis for Ramos' argument is 25 U.S.C. § 1302(7). The Pyramid Lake Constitution does not contain any provision barring cruel and unusual punishment. Thus, we must construe the language of 25 U.S.C. § 1302(7) so as to give the effect Congress intended. *Tom v. Sut-*

*ton,* 533 F.2d 1101, 1103 (9th Cir.1976) relying upon *United States v. American Trucking Associations,* 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940). We must be careful to construe the terms in ICRA with due regard for the historical, governmental and cultural values of an Indian tribe. *See Tom v. Sutton,* 533 F.2d at 1104 n. 5 (courts have been careful to construe the terms "due process" and "equal protection" with care); *O'Neal,* 482 F.2d at 1144. This Court should not merely look at the construction of the Eighth Amendment to the United States Constitution. We can, however, look to construction under the Eighth Amendment for guidance as noted by the ICRA's sponsor, Senator Ervin, when describing the purpose of the bill:

> "The reservation Indian now has no Constitutional rights. The purpose of the amendment is to give these Indians constitutional rights which other Americans enjoy."

114 Cong.Rec. 5836 (1968). *See also* Senator Ervin's remarks concerning the Act in 1968 U.S.Code Cong. & Admin.News, pp. 1837, 1863–67.

■ This Court could find no cases holding that the imposition of consecutive sentences constitutes cruel and unusual punishment. Indeed, the imposition of consecutive sentences for numerous offenses is a common and frequently exercised power of judges. Ramos was found guilty by the Pyramid Lake Tribal Court and sentenced accordingly to those findings of guilt. He may be unhappy with the sentence he received, but there was no violation of his right against cruel and unusual punishment and, thus, no habeas relief lies.

## JUDGE'S LACK OF AUTHORITY

■ Ramos' final argument in support of his petition for habeas corpus is that the sentencing judge lacked authority to sentence him because the judge had resigned his position approximately one month before. Ramos was sentenced April 30, 1984. The record indicates that Ramos may be correct that the judge had already left office. In order to determine whether the

sentencing judge had lawful authority to commit Ramos to custody, this Court requires additional information. We will, therefore, require contemporaneous briefs and affidavits from Ramos and his custodian outlining which judge imposed sentence and whether that judge had lawful authority to impose such sentence. The parties should also address whether any objection to the judge's presiding over the case was ever made.

CONCLUSION

IT IS, THEREFORE, HEREBY ORDERED that the petition for writ of habeas corpus is DENIED as to petitioner's claims of double jeopardy, cruel and unusual punishment, and due process and equal protection violations.

IT IS FURTHER ORDERED that contemporaneous briefs and affidavits be submitted to this Court within ten (10) days of this Order outlining which judge imposed sentence and whether that judge had lawful authority to impose such sentence. Thereafter, the parties shall have ten (10) days within which to file contemporaneous responses. No extensions of time will be granted.